FILED

November 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0318

DA 14-0318

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 319N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

TRAVIS WAYNE TWETEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC 12-11
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jennifer A. Hurley, Assistant Appellant Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Appellate Defender, Helena, Montana

          Nickolas C. Murnion, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  October 14, 2015
Decided:  November 10, 2015

Filed:

                             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Travis Wayne Tweten (Tweten) appeals from his judgment of conviction for seven of ten charged offenses from the Seventeenth Judicial District Court, Valley County. We affirm.

¶3 On April 22, 2012, Tweten was traversing a prairie on foot when he entered a garage owned by Carol and Pete Granada (the Granadas), where he found a pickup truck with the keys inside (Granada truck). Tweten drove the Granada truck to a ranch owned by his uncle, Paul Tweten, and got it stuck in mud. The Granadas reported their truck missing the next morning. After getting the Granada truck stuck in mud, where it remained with the engine running, Tweten drove his uncle's tractor to the stuck Granada truck and attempted to get it out. The tractor, too, got stuck and the Granada truck caught fire. Tweten then took his uncle's truck (Tweten truck), which was equipped with tools and a fuel tank and drove off. Tweten was located when police responded to the Granada truck fire. Tweten led police on a high speed chase through farm fields, roads, and open prairie until, eventually, the Tweten truck rolled over and Tweten was apprehended.

¶4 A jury found Tweten guilty of felony burglary (Count 1); three counts of felony criminal mischief, involving damage to two pickup trucks and one tractor (Counts 3, 5,

2

6); and three misdemeanors: criminal trespass, fleeing or eluding a peace officer, and reckless driving (Counts 7, 8, 10). Two of the remaining charges for felony theft of the Tweten truck (Count 4) and driving with a suspended license (Count 9) were dismissed for insufficient evidence following the State's presentation of its case. The final charge of felony theft of the Granada truck (Count 2) was dismissed on the State's posttrial motion. The District Court sentenced Tweten to 90 days, 1 year, and 6 months in the county jail, respectively, for the misdemeanor Counts 10, 8, and 7. For the felonies, the District Court sentenced Tweten to the Department of Corrections for concurrent sentences of 5 years, 5 years, 5 years, and 20 years with 15 suspended, respectively, for Counts 6, 5, 3, and 1. The District Court ordered restitution of $48,760.17.

¶5 Tweten raises four issues on appeal. First, Tweten claims the District Court abused its discretion by admitting evidence that he told police he had not had a driver's license since 2004 "due to a DUI." Relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Mont. R. Evid. 403. Tweten argues testimony about his prior DUI resulted in unfair prejudice. We disagree. At trial, Deputy Remmich, testified Tweten stated he did not have a driver's license and he had not had one since receiving a DUI in October of 2004. This testimony related to Count 9 charging Tweten with driving with a suspended license. Count 9 was later dismissed for insufficient evidence. Here, there was no prejudice because the passing mention of Tweten's admitted DUI was unrelated to the other charges of burglary, criminal mischief, trespass, fleeing or eluding a peace officer, and reckless driving. The District Court did not abuse its discretion by admitting this testimony.

¶6     Second, Tweten claims the District Court abused its discretion by refusing to give an instruction for the lesser-included offense of misdemeanor criminal mischief based on proof of pecuniary loss in excess of $1,500. To determine if a lesser-included offense instruction should have been given at trial, we follow the two-step approach articulated in *State v. Castle*, 285 Mont. 363, 948 P.2d 688 (1997). First, we determine if, as a matter of law, the offense for which the instruction is requested is a lesser-included offense of the offense charged. Then, we determine if the lesser-included instruction is supported by the evidence of the case. *Castle*, 285 Mont. at 368, 945 P.2d at 690-91. Misdemeanor criminal mischief is a lesser-included offense of felony criminal mischief. The distinction between the two offenses is the amount of pecuniary loss suffered. *State v. Palmer*, 207 Mont. 152, 160, 673 P.2d 1234, 1239 (1983). To constitute a felony, the loss must be $1,500 or more. Section 45-6-101(3), MCA. To constitute a misdemeanor, the loss must be less than $1,500. Section 45-6-101(3), MCA. Here, Tweten argues the lesser-included offense instruction for misdemeanor criminal mischief should have been given for Count 5, as it related to damage to the Tweten truck. However, Paul Tweten testified the loss of the Tweten truck was worth $800 and the loss of the tools and fuel tank located in the truck was worth $1,452. The total pecuniary loss to Paul Tweten was $2,252 more than the threshold constituting a felony. The District Court did not abuse its discretion by refusing to give an instruction for the lesser-included offense because the evidence did not support it.

¶7     Third, Tweten claims his counsel rendered ineffective assistance of counsel by failing to request a result-based definition of "purposely" committing criminal mischief.

4

"A person commits the offense of criminal mischief if the person knowingly or purposely: injures, damages, or destroys any property of another or public property without consent." Section 45-6-101(1)(a), MCA. Tweten's attorney requested a result-based jury instruction for "knowingly," but not for "purposely." Tweten argues his attorney's failure resulted in a conduct-based instruction being given, which wholly undermined his defense theory. In *State v. Tellegen*, Tellegen asserted a claim of ineffective assistance of counsel because her attorney offered a conduct-based instruction for "purposely." 2013 MT 337, ¶ 18, 372 Mont. 454, 314 P.3d 902. In that case, Tellegen was charged with accountability for burglary and this Court held "a jury could have easily convicted [her] under either mental state instruction," "purposely" or "knowingly," and "her attorney's failure to object to the instruction caused no prejudice." *Tellegen*, ¶ 21. As in *Tellegen*, here, the failure to provide a result-based jury instruction, instead of a conduct-based one, does not support a claim for ineffective assistance of counsel because the jury could have convicted Tweten under either the "knowingly" or "purposely" mental state. Therefore, Tweten's counsel did not render ineffective assistance because the jury was properly instructed.

¶8 Finally, Tweten claims the District Court's sentence was based on Tweten's indigency in violation of his right to due process. Tweten argues his sentence was improperly based on the amount of time it would take him to pay restitution. Due process requires "indigency or poverty not be used as the touchstone for imposing the maximum allowable punishment." *State v. Farrell*, 207 Mont. 483, 499, 676 P.2d 168, 177 (1984). Instead of relying primarily on time necessary to pay restitution, the District

5

Court discussed at length the reasons for the sentence it imposed, including the serious nature of the offenses; the need for accountability; Tweten's history of disrespect for the law and lawful authority; his significant disregard for the property of others; his history of drug abuse and psychological, personality, and mental health problems; the unlikelihood his behavior would change; his need for structure and self-help programs the Department of Corrections could provide him; and, also, the time necessary to meet all financial obligations, including payment of restitution in full. Also, Tweten did not receive the maximum allowable punishment, as he received a 5 year sentence for each criminal mischief charge instead of the 10 year maximum allowed. Section 45-6-101(3), MCA. Tweten's sentence was supported by a variety of factors, one being a consideration of restitution payments. This sentence was not based on Tweten's indigency and did not violate his right to due process.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶10 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE